624 A.2d 256

**Matthew McSWAIN, Appellant,**

v.

**CITY OF FARRELL, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 14, 1992.

Decided April 1, 1993.

Carl M. Moses, for appellant.

Anthony Perfilio, City Sol., for appellee.

Before McGINLEY and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Matthew McSwain owns several properties in the City of Farrell [1] (city) which were at all times relevant hereto in the possession of his tenants. The city filed an action in assumpsit in the Court of Common Pleas of Mercer County (trial court) against McSwain in order to recover delinquent sewer

1. A third class city.

and garbage removal fees. The matter was submitted to the court on a case stated basis. The trial judge entered judgment in favor of the city for $14,164.66. McSwain has filed the present appeal.[2]

The sole question presented for our review is whether the city may properly bring an in personam action in assumpsit to recover the fees.

McSwain argues that the city can only bring an in rem action against the properties in order to recover the fees. An action in assumpsit was first authorized for the collection of municipal claims by 53 P.S. § 7251 [3] which reads in part:

> In addition to the remedies provided by law for the filing of liens for the collection of municipal claims, including but not limited to water rates, sewer rates and the removal of nuisances, all cities, boroughs, incorporated towns, townships and bodies corporate and politic created as municipal authorities pursuant to law may proceed for the recovery and collection of all of the foregoing claims by *action of assumpsit* against the person or persons who were the owner or owners of the property at the time of the completion of the improvement, or at the time the water or sewer rates or the cost of the removal of nuisances first became payable. . . .

McSwain points out that this section was repealed as to third class cities by section 4701 of The Third Class City Code (Code).[4] Section 4601 of the Code [5] does provide for actions of

2. A judgment based upon a case stated is not appealable unless the parties expressly have reserved the right to appeal in the case-stated submission. *Advanced Living Inc. v. Montgomery County Board of Assessment Appeals,* 113 Pa.Commonwealth Ct. 514, 537 A.2d 948 (1988). The parties in the present case did in fact reserve the right to appeal.

3. Act of April 17, 1929, P.L. 527, *as amended.* We will refer to this section simply as section 7251.

4. Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. § 39701. The original section 4701 was replaced by the Act of June 28, 1951, P.L. 662, which specifically provided that the repeal of the original section did not revive any of the acts repealed by the original section.

5. 53 P.S. § 39601.

assumpsit by third class cities to collect municipal claims. That section reads, in part:

In addition to the remedies provided by law for the filing of liens for the collection of municipal claims, all cities may proceed for the recovery and collection of municipal claims by action of assumpsit against the person or persons who were the owner or owners of the property at the time of the completion of the improvement, ...

Section 4601 states that the action may be brought against "the person or persons who were the owner or owners of the property at the time of the completion of the improvement," but it does not contain the additional language concerning water and sewer rates and the removal of nuisances found in § 7251. This leads McSwain to argue that, in third class cities, in personam actions in assumpsit can only be used to recover payments for improvements to a property.

The city does not disagree with this interpretation of section 4601. The city instead responds by arguing that, because it has adopted a home rule charter, it is no longer governed by the Code. *Greenberg v. City of Bradford,* 432 Pa. 611, 248 A.2d 51 (1968); *Murray v. City of Wilkes–Barre,* 38 Pa.Commonwealth Ct. 509, 394 A.2d 1055 (1978). The city goes on to argue that it is once again governed by section 7251 because it is no longer governed by the Code. We do not agree. Section 4701 of the Code repealed section 7251 "in so far as it relates to third class cities." Although the city has adopted a home rule charter, it is still a third class city and the literal language of section 4701 resulted in the repeal of section 7251 with respect to third class cities. The adoption of a home rule charter did nothing to revive the effectiveness of section 7251 with respect to the City of Farrell.

The city argues in the alternative that it has the right to proceed in assumpsit under the broad powers granted to it as a home rule charter community. We agree. Article 9, § 2 of the state constitution states that a "municipality which has a home rule charter may exercise any power or perform any function not denied by this Constitution, by its home rule charter or by the General Assembly at any time." In analyz-

ing a home rule municipality's exercise of power, we begin with the view that it is valid absent acts of the General Assembly, or the charter itself, and we resolve ambiguities in favor of the municipality. *County of Delaware v. Township of Middletown*, 511 Pa. 66, 511 A.2d 811 (1986).

■ McSwain responds by citing section 302 of the Home Rule Charter and Optional Plans Law.[6] He cites section 302(a) which reads, in part:

> With respect to the following subjects, the home rule charter adopted in accordance with the provisions of this act shall not give any power or authority to the municipality contrary to, or in limitation or enlargement of powers granted by acts of the General Assembly which are applicable to a class or classes of municipalities:
>
> (1) The filing and collection of municipal tax claims or liens and the sale of real or personal property in satisfaction thereof.

McSwain argues, in effect, that this language places a limit on the power of a third class city which has adopted a home rule charter to enlarge the powers granted under the Code with respect to collection of all municipal liens. His argument presumes that the phrase "municipal tax claims or liens" is to be interpreted as meaning "municipal tax claims or all municipal liens". The city on the other hand argues that the phrase should be interpreted as if it read "municipal tax claims or tax liens". We agree with the city's interpretation of this language. When section 302(a)(1) is read in total, it appears to be referring to tax sales of property for delinquent taxes. Keeping in mind our Supreme Court's directive that we are to resolve ambiguities in favor of the municipality when analyzing a home rule municipality's exercise of power, we hold that section 302(a)(1) does not limit the power of a third class city to collect fees for municipal services by an in personam action in assumpsit.

Accordingly, we affirm the order of the trial court.

6. Act of April 13, 1972, P.L. 184, *as amended*, 53 P.S. § 1–302.

528

## ORDER

NOW, this 1st day of April, 1993, the order of the Court of Common Pleas of Mercer County, dated October 10, 1991, at Nos. 289 C.D. 1988, 584 C.D. 1988, and 689 C.D. 1989, is affirmed.